# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Sandra Kay Malott, ) | |
| ) | Case No. 4:17-cv-00765 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Ocwen Loan Servicing, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| CSC – Lawyers Incorporating Service Co. ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| and ) | |
| ) | |
| Equifax Information Services, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| CSC – Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| and ) | |
| ) | |
| Trans Union, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| The Prentice-Hall Corporation ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Sandra Kay Malott, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages states and alleges to the Court as follows:

1

# INTRODUCTION

This is an action for damages brought by individual consumer Sandra Kay Malott against Ocwen Loan Servicing, LLC, Equifax Information Services, LLC and Trans Union, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

# JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that all defendants transact business in the state of Missouri and Missouri is where the injuries occurred.

# PARTIES AND SERVICE

3. Sandra Kay Malott (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

4. Defendant Ocwen Loan Servicing, LLC, hereafter ("**Defendant Ocwen**"), was and is a business servicing mortgage loans in Missouri and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

5. Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

6. Defendant Trans Union, LLC, hereafter ("**Defendant TU**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, The Prentice-Hall Corporation, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On October 19, 2016, Plaintiff filed a Chapter 7 Bankruptcy in the Western District of Missouri, Case No. 16-42897-drd7.

8. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on October 20, 2016, showing Defendant Ocwen was sent notice of Plaintiff's bankruptcy.

9. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

10. Plaintiff had a mortgage with Defendant Ocwen that was reaffirmed by Reaffirmation Agreement filed March 2, 2017.

11. The debt owed to Defendant Ocwen was excepted from discharge.

12. Reaffirmation Agreement is attached as Exhibit B.

13. Plaintiff received her discharge on May 4, 2017.

14. The Notice of Discharge of Debtor was entered on May 6, 2017, showing Defendant Ocwen was sent notice of Plaintiff's discharge.

15. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit C.

16. On or about July 20, 2017, Plaintiff requested and reviewed her credit reports from Defendant Equifax, Experian and Defendant TU.

17. Plaintiff became aware that Defendant Ocwen was misreporting information on each of her credit reports.

18. Defendant Ocwen was incorrectly reporting that the mortgage debt was discharged with a $0 balance and no current payment history, rather than reaffirmed.

19. The pertinent pages of Plaintiff's incorrect credit reports are attached as Exhibit D.

20. On July 28, 2017, Plaintiff sent letters with her bankruptcy information to Defendant Equifax, Experian and Defendant TU disputing Defendant Ocwen's incorrect reporting in accordance with 15 U.S.C. § 1681i.

21. Copies of Plaintiff's dispute letters are attached as Exhibit E.

22. Defendant Equifax and Defendant TU failed to send Automated Consumer Dispute Verifications ("ACDV's") to Defendant Ocwen as required by 15 U.S.C. §1681i, and the incorrect reporting remains.

23. The pertinent pages of Plaintiff's incorrect Equifax and Trans Union credit report are attached as Exhibit F.

24. Experian sent an ACDV to Defendant Ocwen as required by 15 U.S.C. §1681i, but Defendant Ocwen failed to correct the reporting.

25. The pertinent page of Plaintiff's incorrect Experian credit report is attached as Exhibit G.

26. Defendant Ocwen's failure to conduct a reasonable investigation of Plaintiff's account was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order

4

to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

27. Defendant Equifax and Defendant TU's failure to conduct reasonable reinvestigations of Plaintiff's account and notify Defendant Ocwen of Plaintiff's disputes was a substantial factor causing Plaintiff reduced credit scores, denial of credit, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

28. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## DEFENDANT OCWEN
## VIOLATIONS OF THE FCRA

29. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

30. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

31. Defendant Ocwen qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

32. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

33. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

5

34. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

35. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

36. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

37. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

38. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

39. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

40. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

6

41. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

42. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

43. After receiving notice of Plaintiff's dispute letter from Experian, Defendant Ocwen should have conducted an investigation and properly updated the information reported, but failed to do so.

44. As a result of the actions of Defendant Ocwen, Plaintiff suffered damages including reduced credit scores, emotional distress and frustration.

45. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

46. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

47. Defendant Ocwen was notified by Experian of Plaintiff's dispute letter requesting an investigation that it was reporting inaccurate information on Plaintiff's credit reports.

48. Defendant Ocwen elected to ignore that information it received, failed to do a reasonable investigation and refused to correct Plaintiff's credit reports.

49. The purpose of the investigation is not simply to confirm that the credit reporting

7

agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

50. Defendant Ocwen knew it was required by law to have investigation procedures and protocols in place to conduct an investigation of Plaintiff's account information and Defendant Ocwen's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account constitutes willful, conscious and reckless disregard for Plaintiff's rights, including those under the FCRA.

51. Defendant Ocwen's failure and refusal to conduct a reasonable investigation and correct the information Defendant Ocwen is furnishing to the credit bureaus concerning Plaintiff's account constitutes a willful violation of the FCRA.

52. Defendant Ocwen fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

53. This failure and refusal is compounded by Defendant Ocwen's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Ocwen in such sum as will deter Ocwen Loan Servicing, LLC, and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

54. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

55. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

56. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

57. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to Defendant Ocwen, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the disputes of the inaccurate information to Defendant Ocwen, in violation of 15 U.S.C. §1681i(a);

   d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   e. Willfully and negligently failing to timely and properly investigate the

inaccurate information after receiving notice of the dispute from Plaintiff; and

f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

58. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT III
## DEFENDANT TU
## VIOLATIONS OF THE FCRA

59. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

60. Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

61. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

62. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiff for

engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff in violation of 15 U.S.C. §1681i(a);

    b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to Defendant Ocwen, in violation of 15 U.S.C. §1681i(a);

    c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to Defendant Ocwen, in violation of 15 U.S.C. §1681i(a);

    d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff; and

    f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

63. Defendant TU's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant TU in such sum as will deter Trans Union, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sandra Kay Malott respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiff's Equifax, Experian and Trans Union credit reports; and

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #51089
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone:  (816) 842-1317
Fax:     (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiff